LEIGH v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. NEW TRIAL—SETTING ASIDE VERDICTS—EVIDENCE.

Where, on the issue of damage to a dress, resulting from an accident, there was no evidence of the actual value of the dress just before the accident, but only as to its value or cost when new, which was some months before, so that the verdict could only have been in the nature of a guess or compromise, the discretion of the trial justice in setting aside a verdict for damages was not abused.

Action by Mollie C. Leigh against the Interurban Street Railway Company. From an order setting aside the verdict, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Watts & Merrill, for appellant.

Henry W. Goddard and William E. Weaver, for respondent.

SCOTT, J. The record does not disclose the particular ground upon which the justice granted the motion to set aside the verdict. It may have been upon the ground that the damages were excessive or were insufficiently proven. If so, we should hesitate to overrule his exercise of discretion. The only positive evidence was as to the value or cost of the dress when new. It was not new, however, at the time of the accident, but had been made and presumably worn for two months or more. Doubtless some members of the jury determined from their own experience that the dress when torn was not worth as much as when new, or they may have doubted the testimony of the expert that a tear in the skirt resulted in the total destruction of the entire suit. They accordingly awarded the plaintiff less than she claimed, but the difficulty is that no evidence had been

laid before them by which they could estimate the actual value of the dress just before the accident and afterwards. Their verdict must therefore have been in the nature of a guess or compromise.

We cannot say that the justice abused his discretion in making the order appealed from, and it is affirmed, with costs. All concur.